By the Court.
In the present case the plaintiff claims to recover on a count on a special agreement, and also for use and occupation. To this the defendants answer, that the plaintiff’s remedy is by an action for non-performance of the award of the arbitrators. But the court are of opinion, that on the facts proved this constitutes no valid answer to the claim of the plaintiff for use and occupation of the premises. The effect of the submission and award was to supersede all previous agreements, leases and dealings between the parties respecting the estate in question. By virtue of the award, the defendants had the right to occupy the premises for the term of two years and six months free of any claim of rent on the part of Coburn; after the expiration of this period, the defenddants had no right to occupy the estate, as against Coburn and his assignee, except as tenants. Taking into view the Drevious relation of the parties, and all the facts as disc.osed *337 by the testimony, we are of opinion, that the defendants did so occupy the premises, after the expiration of the two years and six months, and are therefore liable to pay rent for the same for the time during which they occupied them after that term, until the time when the right of Coburn, under his lease from the Proprietors of the Locks and Canals, to the estate in question expired, and that an action for use and occupation is the appropriate remedy.

Exceptions sustained; new trial in this cowt.